No. 25-1706

# United States Court of Appeals
# for the First Circuit

No. 25-1705

DINNER TABLE ACTION; FOR OUR FUTURE; ALEX TITCOMB,

Plaintiffs - Appellees,

v.

WILLIAM J. SCHNEIDER, in the official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; BETH N. AHEARN, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in the official capacity as Attorney General of Maine; SARAH E. LECLAIRE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices,

Defendants - Appellants,

EQUAL CITIZENS; CARA MCCORMICK; PETER MCCORMICK; RICHARD A. BENNETT,

Defendants.

_____

No. 25-1706

DINNER TABLE ACTION; FOR OUR FUTURE; ALEX TITCOMB,

Plaintiffs -Appellees,

v.

EQUAL CITIZENS; CARA MCCORMICK; PETER MCCORMICK; RICHARD A. BENNETT,

Defendants - Appellants,

WILLIAM J. SCHNEIDER, in the official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; BETH N. AHEARN, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in the official capacity as Attorney General of Maine; SARAH E. LECLAIRE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices,

Defendants.

On Appeal from the United States
District Court for the District of Maine
No. 1:24-cv-00430-KFW

**PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL NO. 25-1706**

Appellants Equal Citizens, Cara McCormick, Peter McCormick, and Richard Bennett ("Equal Citizens") were granted permissive intervention below, over the objection of Plaintiffs-Appellees Dinner Table Action, For Our Future, and Alex Titcomb, because the District Court Magistrate Judge thought that hearing their arguments would be beneficial. Appellants suffered no injury as a result of the ruling below, possessing only a generalized interest in the outcome of the case, and thus lack standing to pursue this appeal. This appeal should be dismissed. Appellants would remain free to file a brief as amici in case No. 25-1705.

## BACKGROUND

Appellants were proponents of a successful ballot initiate passed in Maine in 2024 that enacted statutes that are the subject of this case. Although not pertinent to this motion, the statutes would have imposed limits on contributions for independent expenditures to influence elections, and imposed $0 reporting thresholds on those contributions. Appellees filed the underlying case before the laws took effect. Maine agreed not to enforce them while the District Court considered the case. The District Court ruled the laws unconstitutional.

About a month after Appellees filed their complaint, Equal Citizens sought to intervene below. Appellees opposed the intervention because Equal Citizens had no legal right to defend the laws. The District Court granted permissive intervention, wanting to hear Equal Citizens' arguments. The intervention lengthened the case by bringing in three additional expert witnesses. Additionally, Equal Citizens' added little to no value to the case as a party. Their arguments and evidence were either redundant to Maine's, or were legal arguments the District Court could not consider because of binding Supreme Court precedent.

The District Court permanently enjoined the statutes. Maine and Equal Citizens filed separate appeals.

## ARGUMENT

[S]tanding "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Official English* v. *Arizona*, 520 U. S. 43, 64, (1997).

This case is on all fours with *Hollingsworth v. Perry*, which controls herein. 570 U.S. 693 (2013). *Hollingsworth* involved ballot initiative proponents who successfully intervened in the District Court to defend a challenge to the constitutionality of the California initiative after it

passed. *Id.* at 705. The district court ruled the initiative unconstitutional. The proponents appealed to the 9th Circuit, which denied a motion to dismiss for lack of standing, and affirmed the district court. The proponents then appealed to the Supreme Court, which initially accepted the case, but later dismissed it for lack of standing because the proponents "had no 'direct stake' in the outcome of their appeal. Their only interest in having the District Court order reversed was to vindicate the constitutional validity of a generally applicable California law." *Id.* at 705-06. The Supreme Court explained that once the ballot measure passed, "Petitioners have no role—special or otherwise—in the enforcement of Proposition 8. … They therefore have no 'personal stake' in defending its enforcement that is distinguishable from the general interest of every citizen of California." Id. at 707.

The Court explained "Article III standing is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests. No matter how deeply committed petitioners may be to upholding Proposition 8 or how zealous their advocacy, that is not a 'particularized' interest sufficient to create a case or controversy under Article III. *Id.* (internal quotations and citations

omitted). *See also*, <u>Arizonans for Official English</u>, 520 U.S. at 65 ("Nor has this Court ever identified initiative proponents as Article-III-qualified defenders of the measures they advocated.").

Like the appellants in *Hollingsworth* and *Arizonans for Official English,* Equal Citizens is not a state-actor. Their status as proponents of the ballot measure being challenged does not grant them standing. Equal Citizens filed a separate notice of appeal from Maine. There are two cases pending in this court. Equal Citizens lacks standing to pursue its appeal. It has no right to file a brief as a party or to present oral argument. If it wants to lodge a brief in this court, it can submit an amicus brief in Maine's appeal.

## CONCLUSION

Case No. 25-1706 should be dismissed for lack of standing.

Dated: October 12, 2025　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　<u>/s/ *Charles Miller*　　　　</u>
　　　　　　　　　　　　　　　　Charles Miller (Ohio Bar No. 073844)
　　　　　　　　　　　　　　　　INSTITUTE FOR FREE SPEECH
　　　　　　　　　　　　　　　　1150 Connecticut Ave., NW, Suite 801
　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　Tel: (202) 301-9800
　　　　　　　　　　　　　　　　Fax: (202) 301-3399
　　　　　　　　　　　　　　　　cmiller@ifs.org

　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellees*

CERTIFICATE OF SERVICE

I hereby certify on this 12th Day of October that I electronically filed this document with the Fifth Circuit using its ECF system, which automatically served this document on counsel of record.

                            /s/ *Charles Miller*
                            Charles M. Miller