No. 25-1706

# United States Court of Appeals for the First Circuit

---

No. 25-1705

DINNER TABLE ACTION; FOR OUR FUTURE; ALEX TITCOMB,

Plaintiffs - Appellees,

v.

WILLIAM J. SCHNEIDER, in the official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; BETH N. AHEARN, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in the official capacity as Attorney General of Maine; SARAH E. LECLAIRE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices,

Defendants - Appellants,

EQUAL CITIZENS; CARA MCCORMICK; PETER MCCORMICK; RICHARD A. BENNETT,

Defendants.

---

No. 25-1706

DINNER TABLE ACTION; FOR OUR FUTURE; ALEX TITCOMB,

Plaintiffs -Appellees,

v.

EQUAL CITIZENS; CARA MCCORMICK; PETER MCCORMICK; RICHARD A. BENNETT,

Defendants - Appellants,

WILLIAM J. SCHNEIDER, in the official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; BETH N. AHEARN, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in the official capacity as Attorney General of Maine; SARAH E. LECLAIRE, in the official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices,

Defendants.

---

On Appeal from the United States
District Court for the District of Maine
No. 1:24-cv-00430-KFW

---

**REPLY FOR MOTION TO DISMISS
APPEAL NO. 25-1706**

*Equal Citizens Lacks its Own Standing*

In the final paragraph of their motion, Appellants Equal Citizens, Cara McCormick, Peter McCormick, and Richard Bennett ("Equal Citizens") assert a "pocketbook injury" as basis for their appellate standing. They allege that as a result of the contribution limits being unconstitutional, Equal Citizens will have to expend resources in further attempts to reduce election-related political speech in Maine instead of attempting to have unconstitutional speech restrictions enacted in other States.

Equal Citizens relies on *Town of Milton v. FAA*, for this "diverted resources" theory of standing. 87 F.4th 91 (1st Cir. 2023). However, *Milton* did not finding standing existed in that case, and does not afford standing to Equal Citizens. It says the exact opposite. In *Milton*, this Court denied standing to the appellant town, finding that the diverted resources theory can only apply to an association which has been forced by a law to expend resources on something other than its core mission. *Id* at 99. ("A resource-diversion argument is available only to petitioners who allege associational standing— and only to those who have shown that 'the challenged conduct frustrated their organizational

1

missions and that they diverted resources to combat that conduct.' " (citation omitted.)) Equal Citizens does not claim to be an association. Nor is advocating to restrict Free Speech rights a diversion from its mission. Restricting Free Speech is its mission.

The Supreme Court explained the year following *Milton* that the theory that engaging in issue advocacy can create standing "is incorrect. Indeed, that theory would mean that all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 395 (2024). "An organization cannot manufacture its own standing" by expending money to advocate for or against laws—or in Equal Citizens' case, to seek reversal of Supreme Court precedent. *Id* at 394. Equal Citizens did not even mention *FDA*, which is dispositive of its argument.

Equal Citizens makes no other argument for its own standing. Thus, it doesn't have standing. Instead, it spends the bulk of its brief arguing that it doesn't need to have standing because Maine does.

*Equal Citizens Cannot Borrow Maine's Standing*

Equal Citizens filed its own appeal, takes its own position, and asserts different arguments with different aims. Maine seeks to defend a ballot initiative Equal Citizens thrust upon it. Equal Citizens seeks to use this appeal as a vehicle to overturn a 49-year old line of Supreme Court precedent recognizing that the First Amendment protects independent expenditures to influence elections. Equal Citizens admitted in response to this motion "Equal Citizens planned to advance an originalist defense of the Act that the State Defendants were not presenting." Opp. Memo at 3. Thus, the relief Equal Citizens seeks is broader than Maine's interest.

Equal Citizens rest its argument that it can appeal without standing on a single footnote in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). The Little Sisters had intervened to defend a religious exemption it used to avoid a contraception mandate for employer sponsored medical insurance. The Third Circuit *sua sponte* dismissed the Little Sisters from the case, finding it to be bound by an injunction issued by the District of Colorado. *Id*. The Supreme Court found this exercise erroneous because

the Government and the Little Sisters were making the same arguments in defense of the law. *Id.*

Other portions of the opinion made clear that a majority of the Court believed the Little Sisters had standing. First, the fact that an injunction on the topic arguably covered the Little Sisters showed they did have a concrete stake in the case. Second, the Court spends a chunk of the opinion delineating the harm to the Little Sisters. *Id.* at 668-669. Third, Justice Alito's concurrence states the Little Sisters had standing and that "RFRA compels an exemption for the Little Sisters." *Id.* at 688 (Alito, J., concurring). Justice Kagan's concurrence also mentioned the Little Sister's need for an exemption. *Id.* at 708 (Kagan, J., concurring). Even the dissent addresses the Little Sisters' claimed injury on the merits, and does not dismiss it as non-cognizable. *Id.* at 729-730 (Ginsberg, J., dissenting). The Supreme Court treated the Little Sisters as an injured party, not as an outside interest organization.

Equal Citizens was not injured by the District Court's decision. *Little Sisters* does not stand for the proposition that an advocacy organization can maintain its own appeal, or argue for greater relief than an appellant who has standing. It is important for conserving judicial

4

resources, and for determining which issues and arguments must be addressed, versus which issues and arguments made by strangers to the case can be given lesser treatment.

Equal Citizens admits that it appealed so it can pursue arguments and relief here and, it hopes, at the Supreme Court, that Maine does not present or seek. This Court should not be required to allow entities with no right to appeal to force the Court to address arguments that the entity has no right to demand be considered or decided. Our court system provides a vehicle for such arguments—an amicus brief.

This is not an appeal where Equal Citizens has any direct interest. It goes beyond asserting arguments that merely mirror Maine's. Equal Citizens offers a frolic and detour to examine the political system of Olde England in an effort to limit the protections afforded by the First Amendment in an argument it mislabels "originalism." This argument should be treated as an amicus argument, because it is.

This Court is not bound to treat a permissive intervenor below as an appellant with full rights merely because the District Court thought hearing them out could prove useful before largely ignoring Equal

Citizens' arguments. Equal Citizens does not have standing to appeal, it should not be able to proceed as though it does.

## CONCLUSION

Case No. 25-1706 should be dismissed for lack of standing.

Dated: October 27, 2025　　　　　　Respectfully submitted,

/s/ *Charles Miller*
Charles Miller (Ohio Bar No. 073844)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
Tel: (202) 301-9800
Fax: (202) 301-3399
cmiller@ifs.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify on this 27th Day of October that I electronically filed this document with the Fifth Circuit using its ECF system, which automatically served this document on counsel of record.

　/s/ *Charles Miller*
Charles M. Miller