
## INSTITUTE FOR FREE SPEECH

July 2, 2026

The Hon. Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

    Re:    *Dinner Table Action et al. v. Schneider, et al.,* No. 25-1705
           *Dinner Table Action et al. v. Equal Citizens, et al.,*
               No. 25-1706
           **Rule 28(j) Notice of Supplemental Authority**

Dear Ms. Dubrovsky:

    This Supreme Court's decision this week in *National Republican Senatorial Committee v. FEC*, No. 24-621, 609 U.S. ___ (June 30, 2026) ("*NRSC*") shows that the district court's judgment must be affirmed. *NRSC* speaks to this case being controlled by *Citizens United v. FEC*, 558 U. S. 310 (2010), and to the failure of Defendants' logic.

    "Super PACs and other outside groups [] have a First Amendment right to receive and spend unlimited money to support their independent political speech." Op. 25. Independent expenditure committees ("IECs") unequivocally have a constitutional right to receive unlimited contributions. Game over.

    Moreover, the *NRSC* dissenters attributed the approval of IECs to *Citizens United* and *SpeechNow.org v. FEC*, 599 F. 3d 686 (D.C. Cir. 2010) (en banc) jointly. *Id.* at dissent 14-15 (Kagan, J., dissenting) (identifying the cases "that created the modern Super PAC system, and thus the complained-of imbalance").

Even if *NRSC* hadn't expressly stated that the First Amendment prohibits limits on contributions to IECs, its reasoning leads to the same conclusion. *NRSC* discussed circumvention concerns at length. Op. 16-21. It concluded that candidate contribution limits, earmarking regulations, and disclosure requirements create three layers of prophylaxes which adequately prevent circumvention. *Id.* at 20. With these three prophylaxes, "[t]he possibility that a political party might act in accordance with a contributor's expectations or hopes—or is even likely to do so—is not enough to override the First Amendment and justify limits on political party speech." *Id.* at 17-18.

Unlike political parties, IECs cannot coordinate with candidates, rendering the circumvention risk even more remote. If disclosure and earmarking rules are not being adequately enforced, then the government should increase enforcement of those existing prophylaxes instead of restricting speech. *Id.* at 18.

*NRSC* affirmatively stated that IECs have a First Amendment right to receive unlimited contributions. It also explained why the political speech restricting limitation on contributions to IECs is not sufficiently tailored to survive review. This court should affirm.

Sincerely,

Charles Miller
Senior Attorney
Institute for Free Speech
*Counsel for Plaintiff-Appellant*

Cc:   All Counsel of Record

2

**Certificate of Type-Volume Limit**

I hereby certify on this 2nd day of July, 2026 that this letter complies with the length limit of Fed. R. App. P. 28(j), because the body of the letter contains 323 words.

 /s/ *Charles M. Miller*
Charles M. Miller