**AARON M. FREY**
**ATTORNEY GENERAL**

TEL: (207) 626-8800
TTY USERS CALL MAINE RELAY 711

**STATE OF MAINE**
**OFFICE OF THE ATTORNEY GENERAL**
**6 STATE HOUSE STATION**
**AUGUSTA, MAINE 04333-0006**

REGIONAL OFFICES
84 HARLOW ST. 2ND FLOOR
BANGOR, MAINE 04401
TEL: (207) 941-3070
FAX: (207) 941-3075

125 PRESUMPSCOT ST., STE. 26
PORTLAND, MAINE 04103
TEL: (207) 822-0260
FAX: (207) 822-0259

14 ACCESS HIGHWAY, STE. 1
CARIBOU, MAINE 04736
TEL: (207) 496-3792
FAX: (207) 496-3291

July 9, 2026

**Via ECF Filing**

Anastasia Dubrovsky, Clerk of Court
First Circuit Court of Appeals
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

> Re: *Dinner Table Action v. Schneider*, No. 25-1706
> Maine's Response to Appellee's Rule 28(j) Letter

Dear Ms. Dubrovsky:

Appellants Schneider, Hastings, Marble, Ahearn, Frey, and LeClaire ("Maine") join in full the response of Appellants Equal Citizens *et al.* (Document #118471831) to Dinner Table Action's Rule 28(j) letter concerning the Supreme Court's decision in *National Republican Senatorial Committee v. FEC*, No. 24-621, 2026 WL 1868932 (U.S. June 30, 2026) ["*NRSC*"].

As Equal Citizens points out, the holding in *NRSC* concerned the constitutionality of limits on coordinated expenditures by political parties, an entirely distinct issue from the question presented here, which concerns whether Maine may impose reasonable limits on contributions to political action committees to the extent they make independent expenditures to support candidates in state races. *NRSC*'s citation to *SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (en banc), was not to endorse its holding but to describe the current status quo in federal campaign finance law, which was dramatically affected by the D.C. Circuit's holding. *See NRSC*, 2026 WL 1868932, at *14. Nothing in *NRSC* indicates that this Court is obliged to follow *SpeechNow's* flawed reasoning in determining the constitutionality of the contribution limits at issue here, which apply only to contributions to influence state elections.

Nor does the reasoning of *NRSC* imply that Maine's limits on super PAC contributions are unconstitutional. *NRSC*'s holding is based in significant part on the unique status of parties in our democracy. *See* 2026 WL 1868932, at *5–6. NRSC also distinguishes contributions to parties from contributions to candidates by noting that

Anastasia Dubrovsky, Clerk of Court
July 9, 2026
Page 2


"[t]he party's interests are broader and more dispersed," often focusing on "numerous candidates." *Id.* at \*9. This array of interests differs sharply from those of many independent-expenditure PACs, which often exist to support a single candidate for office. *See, e.g.*, Joint Appendix 57–58; 69–70. The corrupting potential of contributions to such groups is virtually indistinguishable from that of direct contributions to candidates. Like Equal Citizens, Maine has pointed to multiple examples of actual or apparent corruption involving super PACs. *See, e.g.*, Maine's Br. at 13–14, 33 n.6.

Sincerely,

Jonathan R. Bolton
Assistant Attorney General


cc:     All counsel of record.


word count: 331.